UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY ALMANZAR,<br><br>      Plaintiff,<br><br>-against-<br><br>ARMIN BARATIAN on behalf of Pristine Mitsubishi; RICHARD FARBANK on behalf of Capital One Auto Financial,<br><br>      Defendants. | 23-CV-1479 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Staten Island, New York, brings this *pro se* action arising out of his purchase of a used vehicle from Pristine Mitsubishi, in Comstock, New York. Plaintiff invokes the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff provides addresses for Defendants in McClean, Virginia, and in Comstock, New York, which is in Washington County.[1] (ECF 1 at 2.) Based on this information, venue does not lie in this district under Section 1391(b)(1) because all defendants are not alleged to reside in the same State. The allegations that Plaintiff purchased the vehicle at issue in Washington County, which is within the Northern District of New York, 28 U.S.C. § 112(a), do not suggest that any events giving rise to Plaintiff's claims took place in this district. Venue therefore does not appear to be proper in this district under Section 1391(b)(2). Because the events giving rise to Plaintiff's claims occurred in Washington County, venue would be proper under Section 1391(b)(2) in the Northern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the

---

[1] It is unclear from Plaintiff's complaint whether he intended to sue Pristine Mitsubishi and Capital One Auto Financial, or the named individuals associated with those entities. The addresses that he provides appear to be for the entities rather than the individuals.

chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer of this action appears to be appropriate. Plaintiff does not reside in this district, and the underlying events did not occur here. It is reasonable to expect that all relevant documents and witnesses would be in Washington County, within the Northern District of New York. The Northern District of New York thus appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   March 29, 2023
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge